Shirley **HELTON** et al., Plaintiffs,

v.

Ben **HAKE** et al., Defendants.

No. 74–CV–59–C.

United States District Court,
W. D. Missouri,
Central Division.

Dec. 6, 1974.

Hendren & Andrae, Jefferson City, Mo., for plaintiffs.

Barry J. Levine, Lewis E. Mallott, St. Louis, Mo., for defendants.

Chas. Riley, Fulton, Mo., for Ironworkers.

## MEMORANDUM AND ORDER REMANDING CAUSE TO THE CIRCUIT COURT FOR COLE COUNTY, MISSOURI

ELMO B. HUNTER, District Judge.

This cause was instituted by the filing of the petition for relief in the Circuit Court for Cole County, Missouri, on March 15, 1974. The petition for removal to this Court by certain of the defendants was filed on April 12, 1974. Plaintiffs have moved to remand this cause to the state courts, and the removing defendants oppose the motion. For the reasons set forth below, plaintiffs' motion will be sustained and the cause remanded.

Plaintiffs are the surviving spouse and minor children of one Norman R. Helton, now deceased. The defendant in Count I of the three count petition is the City of Salem, Missouri. Defendants in Counts II and III are various members and officers of the International Association of Bridge, Structural and Ornamental Iron Workers, A.F. of L.–C.I.O. and Local 396 of that international union, as representatives of an unincorporated association, pursuant to Rule 52.10 Mo.R.Civ.P., V.A.M.R.

The petition alleges that on or about September 11, 1973, Norman Helton died as the result of electrocution after coming into contact with a high tension power line owned and operated by the City of Salem, Missouri. At that time Mr. Helton is alleged to have been working on a construction project immediately adjacent to the power line.

Count I seeks damages from the City of Salem. This Count alleges that the city was negligent in failing to de-energize, isolate or insulate said power line and that therefore it is liable to plaintiffs in the sum of $50,000.

Count II seeks damages from the various members and officers of the union. The essence of this Count is contained in paragraphs 7, 8, and 9 of Count II. Those paragraphs state as follows:

"7. At all times mentioned herein, defendant Ben Hake was the job steward appointed by representatives of the international and the local on a certain construction project in Dent County near Salem, Missouri, and as such was the agent of the International and the Local on such project.

"8. In a collective bargaining agreement entered into on August 9, 1972, for the years 1972 through 1975, between the Associated General Contractors of St. Louis, Erectors and Riggers Association and Site Improvement Association on one hand and the Local, acting for itself and as agent of the International, on the other hand, it was provided that the job steward shall see that the provisions of the working rules are complied with, that among the working rules included in said agreement is the rule that no work shall be done in the immediate area of high tension lines until the power has been shut off, or the lines insulated, or the safety of the members of the bargaining unit otherwise provided for.

"9. Defendant Hake, while acting in his capacity as job steward and agent of the International and the Local, negligently and carelessly failed to enforce such rule, and Norman R. Helton, a dues-paying member of the bargaining unit covered by said agreement and for whose benefit said agreement was made, was required and permitted to work in the immediate area of high tension lines without the power being shut off, or the lines insulated, or the safety of Norman R. Helton being otherwise provided for."

Count II then further alleges that as a direct and proximate result of this negligence Norman R. Helton was elec-trocuted. Plaintiffs pray for $50,000 in damages on this Count.

Count III of the complaint repeats the allegations contained in Count II, and further states that as a result of the electrocution Norman Helton suffered loss of property in the amount of $50.00 and expended $110.00 in medical expenses. In this Count plaintiffs pray for that $160.00 actual damages and, in addition for $200,000 in punitive damages for defendants' alleged "complete indifference to or conscious disregard for the safety of" Norman Helton.

Under the provisions of 28 U.S.C. § 1441(b), any civil action of which the district courts of the United States have original jurisdiction founded upon a claim arising under the Constitution of or laws of the United States is removable to a district court from the state courts without regard to the citizenship or residence of the parties. On this basis, defendants in Counts II and III removed this action, stating that

"3. Counts II and III of plaintiffs' petition allege that Iron Workers Local 396 failed to fully and adequately enforce its collective bargaining agreement between the Associated General Contractors of St. Louis, Erectors and Riggers Association, and Site Improvement Association, such allegations being within the purview of and constituting a cause of action under Section 301(a) of the Labor Management Relations Act, as amended 1959, 29 U.S.C.A. Section 185(a).

"4. The District Courts of the United States have original jurisdiction of causes arising under Section 301(a) of the Labor Management Relations Act, as amended 1959, 29 U.S.C.A. Section 185(a)."

Plaintiffs' thereupon filed a motion to remand this cause to the state court. The position of plaintiffs on this question, in essence, is that the complaint herein does nothing more than state an action in tort for wrongful death under Missouri law, and hence does not fall

within the original jurisdiction granted to the federal district court by Section 301. In their memorandum in opposition to the motion to remand, defendants assert that, in addition to the reasons previously stated, the complaint charges defendants with a failure to adequately represent Helton in good faith, thereby breaching their duty of fair representation. Such a complaint, they assert, falls within the ambit of Section 301's grant of original jurisdiction to the federal district courts.

## I.

Section 301(a) reads as follows:

"Suits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce as defined in this chapter, or between any such labor organizations, may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties." Section 301(a) Labor Management Relations Act, as amended, 1959, 29 U.S.C. § 185(a).

■■ Under this section it is clear that an individual union member may sue his employer for a breach of promise contained in a collective bargaining agreement between the employer and the employee's union, if the promise breached did confer or was intended to confer a benefit upon the individual employee.[1] And, Section 301(a) does support a suit by an individual union member against his union that seeks to redress union interference with rights conferred upon individual employees by employer promises in the collective bargaining agreement, where it is proved that the interference by the union constituted a breach of the union's duty of fair representation regardless of whether the suit is based upon a collective bargaining agreement. However, a claim of breach of the duty of fair representation requires arbitrary, discriminatory, or bad-faith conduct on the part of the union, coupled with substantial evidence of fraud, deceitful action, or dishonest conduct. See Motor Coach Employees v. Lockridge, 403 U.S. 274, 91 S.Ct. 1909, 29 L.Ed.2d 473 (1971); Vaca v. Sipes, 386 U.S. 171, 87 S.Ct. 903, 17 L.Ed.2d 842 (1967); Humphrey v. Moore, 375 U.S. 335, 84 S.Ct. 363, 11 L.Ed.2d 370 (1964); Smith v. Evening News Association, 371 U.S. 195, 83 S.Ct. 267, 9 L.Ed.2d 246 (1962).

The question of whether Section 301 (a) will support a suit by a union member against his union for failure of the union to honor rights conferred upon employees by union promises in the collective bargaining agreement has evidently been presented to only one federal appellate court. In Buzzard v. Lodge 1040 Int. Ass'n of Mach. & A. Wkrs., 480 F.2d 35 (9th Cir. 1973), the Court stated the following:

"While we have been unable to find any case for the proposition that § 301 will support a suit by a union member against his union for redress from union refusal to honor rights conferred on employees by Union promises in the collective bargaining agreement, we are convinced that § 301 does confer such jurisdiction. The union's duty of fair representation is equally violated when it refuses arbitrarily and in bad faith to honor its obligations, under a collective bargaining agreement, which are designed to benefit its members.

"Of course, for such a claim to succeed, there must be 'substantial evidence of fraud, deceitful action, or dishonest conduct' (citing cases)." Buzzard, supra, 480 F.2d at 40.

■ It is clear from the above and from the cases previously cited, that the instant complaint does not allege any breach on the part of the union of its duty of fair representation. The complaint only alleges a negligent failure to perform a duty as promised under

---

1. No recovery is sought against the employer in this suit.

the contract. There are no allegations of any arbitrary, discriminatory or bad faith actions on the part of the union or any of its agents. There are no allegations of refusal by the Union to honor rights conferred upon employees by union promises in the collective bargaining agreement. Hence, defendants' contention that this complaint alleges a breach of the union's duty of fair representation, and thereby confers upon this Court original jurisdiction under Section 301, is without merit and cannot be sustained. Removal accordingly cannot be predicated upon that basis.

## II.

The question then remaining is whether the complaint herein can be categorized as a "suit for violation of (a) contract(s)" so as to confer Section 301 original jurisdiction in this Court. The complaint predicates its claim for relief upon the "negligent and careless" failure to enforce a work rule by the shop steward, enforcement of such rule being a duty assumed by the union in the collective bargaining agreement, arguably, and obviously, for the benefit and protection of its members.

The only reported case in which a federal appellate court has confronted itself with a factual and contractual context similar to that raised by the insant complaint appears to have been in Bryant v. International Union, U. M. W. of America, 467 F.2d 1 (6th Cir. 1972) which arose out of a 1968 mine disaster in which nine miners were killed. In that case, suit was brought under Section 301 against the employer and the union. The collective bargaining agreement had adopted by reference the Federal Mine Safety Code. Plaintiffs' com-

plaint alleged that the employer had failed to conform its operations to the Safety Code's requirements, and that the union had failed to enforce compliance with the Code, a duty that the union had undertaken in the collective bargaining agreement. Summary judgment was granted by the District Court against the plaintiffs and in favor of all defendants. Only the plaintiff's complaint against the union was appealed. The Sixth Circuit, without ever addressing itelf to the question of jurisdiction, and after assuming plaintiffs had standing to sue, held that the contract did not impose any mandatory, affirmative duty upon the defendant union upon which liability against the union could be predicated for the union's failure to perform.

With particular reference to this case, plaintiffs in Bryant alleged, among other things, that the union had breached its obligations under the collective bargaining agreement by failing to make periodic inspections of the mine. However, the use in the contract of the term "may inspect" the mines led the Court to conclude that no affirmative duty to inspect the mines was imposed upon the union by the agreement, but rather the agreement only granted a privilege to the union to inspect, if it chose to do so.[2]

In the instant case, taking the allegations contained in the complaint as true, the contract did impose upon the defendant union an affirmative duty to enforce safety rules. The complaint alleges that the union, through its agent, the steward, negligently and carelessly failed to enforce the safety rule relating to work in the area of high tension power lines. The suit is clearly brought as an action in tort seeking

2. It is unclear whether or not this part of the complaint of the various plaintiffs was predicated upon § 301 jurisdiction, or whether it was brought under the pendent jurisdiction of the District Court. As the Court of Appeals construed the complaint to allege a breach on the part of the Union of its duty of fair representation arising out of promises in the collective bargaining agree-

ment, and as such a complaint clearly falls within the ambit of § 301 (Vaca v. Sipes, supra) this part of the complaint would appear to be within the pendent jurisdiction of the district court under the principles of United Mine Workers v. Gibbs, 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966), as arising out of a common nucleus of operative fact, etc.

recovery for wrongful death due to the alleged negligence of the defendants. The only relevance of the collective bargaining agreement appears to be that it would determine, to some extent at least, the nature and scope of defendants' duty. That defendants' duty may have arisen under a contract does not in and of itself change the basic nature of this action, which is a suit in tort to recover damages for injuries sustained due to defendants' alleged negligence. Compare Aetna Ins. Co. v. Hellmuth, Obata & Kassenbaum, Inc., 392 F.2d 472 (8th Cir. 1968).[3]

Essentially, defendants' position is that plaintiffs' complaint is brought to "enforce" the collective bargaining agreement, and because some interpretation of that agreement appears to be necessary, Section 301(a) confers jurisdiction upon this Court.[4] Defendants argue that because any duty imposed upon defendants was imposed under the collective bargaining agreement, and as the complaint alleges a failure to perform that duty, this is an action "for violation" of a collective bargaining agreement within the meaning of Section 301(a).

This Court has not been able to find any reported case in which any federal court has held that the mere negligent failure by the union to perform a duty owed only to its own members under a collective bargaining agreement has been held sufficient to invoke Section 301(a) jurisdiction, where the failure resulted in a personal injury and the suit seeks relief via damages predicated upon negligence for the injury sustained. The case law as to whether such an action in this regard is maintainable under Section 301(a) is, at best, unclear. Neither Motor Coach Employees v. Lockridge, *supra,* nor Vaca v. Sipes, *supra,* address themselves to this question. In Bryant v. Int. Union, U.M.W. of America, *supra,* the jurisdictional question was not specifically addressed by the Sixth Circuit, and the contract did not provide for a mandatory affirmative duty on behalf of the Union to inspect the mines for compliance with the safety rules and regulations. As noted previously the Ninth Circuit in 1973 took the position that a Section 301(a) suit by a member-employee against his union will lie for union breaches of contractual promises in the collective bargaining agreement creating duties owed by the union to its member-employees. See Buzzard v. Local Lodge 1040 Int. Ass'n. of Mach. & A. Workers, *supra.* And see Beriault v. Local 40, Super Cargoes & Checkers of I.L.W.U., 501 F.2d 258 (9th Cir. 1974). However, in Dente v. International Org. of Masters, Mates & Pilots, Local 90, 492 F.2d 10 (9th Cir.) (December 5, 1973), cert. den., 417 U.S. 910, 94 S.Ct. 2607, 41 L.Ed.2d 214 (1974), the Ninth Circuit noted that an employee's right to sue his union under Section 301(a) is limited to those situations in which the union's breach of duty rises to the level of a denial of the duty of fair representation.

In Richardson v. Comm. Wkrs. of America, 443 F.2d 974 (8th Cir. 1971), the plaintiff employee brought suit against both the employer and the union for wrongful discharge and for discrimination. The suit against the union was predicated upon Section 301(a) jurisdiction arising out of a clause of the collective bargaining agreement that prevent-

---

3. In Aetna, the Eighth Circuit in an opinion written by Chief Judge Gibson, held that an architect may be sued on principles of general negligence for a negligent failure to supervise a construction project, where the duty to supervise was based upon a contract between the builder and the architect.

4. It is evident that some contract interpretation may be necessary in this cause, in order to determine the nature and scope of the contractual duty to enforce the work rules, etc. In so much as interpretation of the contract is necessary, that interpretation should, in this situation, be governed by applicable principles of federal labor law, whether that interpretation is made by this Court or a state court. Compare Bryant v. International Union, U. M. W. of America, 467 F.2d 1 (6th Cir. 1972), citing Textile Workers Union of America v. Lincoln Mills of Alabama, 353 U.S. 448, 77 S.Ct. 912, 1 L.Ed.2d 972 (1957).

ed the union from discriminating against employees due to membership or nonmembership in the union, and from intimidating or coercing any employee into joining the union or continuing membership therein. The factual context involved an employee who had withdrawn from union membership and was thereafter harassed by union members and eventually wrongfully discharged, for alleged violations of company rules, at the urging of the union. The Eighth Circuit held that the essence of plaintiff's claim against the union was not for breach of contract, but rather for breach of the union's duty of fair representation. In that context, the Court stated:

"Breach of the agreement by the bargaining agent, which simultaneously conflicts with its role as a fiduciary to the employee, creates a claim for breach of trust of its statutory duty to give adequate representation and not for one arising out of the collective bargaining agreement." Richardson v. Comm. Wkrs. of America, *supra*, 443 F.2d at 980.

Further, the Court noted that

"The focal issue in a § 301 suit is the employer's noncompliance with the collective bargaining agreement, and the union's complicity in that breach." Richardson v. Comm. Wkrs. of America, *supra*, 443 F.2d at 981.

*Richardson* is clearly distinguishable from the instant case, for the obvious reason that the union breach involved, whether considered a breach of the duty of fair representation or a breach of contract, involved deliberate conduct by the union, while in the present case, the conduct complained of is negligence, and not an intentional wrongful course of conduct. Nevertheless, *Richardson* does

militate against holding that the conduct complained of herein is jurisdictional under Section 301(a). The central issue raised by the complaint does not concern any wrongful act or failure to act on the part of the employer, but is based totally upon a negligent act or failure to act on behalf of the union, arising out of a duty owed to the employee by a specific union promise contained in the collective bargaining agreement. As previously stated, no claim for a breach of the duty of fair representation is made by the plaintiffs.[5]

■ It is this Court's conclusion, in view of all of the foregoing that the complaint herein cannot properly be considered a suit for violation of a contract within the meaning of Section 301(a). Rather, this is a suit predicated upon negligence, seeking damages for the alleged wrongful death of plaintiffs' deceased. Merely because some interpretation of the contract appears to be necessary to the determination of the nature, scope or extent of the duty owed does not, in and of itself, categorize this cause as an action for violation of the contract so as to grant jurisdiction to this Court under Section 301(a). To adopt defendant's view in this case would lead to the inescapable conclusion that any case in which interpretation of a collective bargaining agreement may be involved vests jurisdiction in the federal district courts under Section 301(a), regardless of the actionable wrong complained of or the relief sought, or how directly or indirectly related the collective bargaining agreement is to the action. While this Court recognizes that jurisdiction under Section 301(a) is not limited to mere breach of contract actions, and is designed as a method for deciding suits brought to implement federal labor law and policy (see Richardson

---

5. Defendants, in their separately filed motion to dismiss the complaint, contend that this complaint is really only a suit for denial of fair representation, and that as such, it fails to state a claim upon which relief could be granted because it alleges only negligent conduct on the part of the union defendants. Defendants further argue that a suit for denial of fair representation is the only method by which the union's actions can be challenged. Were this Court to adopt this rationale, it would lead to the inevitable result that a union's negligent performance or negligent failure to perform a duty owed to an employee which resulted in that employee being injured would not be actionable in any way.

v. Comm. Workers of America, *supra*, citing Textile Workers Union of America v. Lincoln Mills, 353 U.S. 448, 77 S.Ct. 912, 1 L.Ed.2d 972 (1957)), this Court cannot conclude that this negligence action to recover damages for wrongful death falls within Section 301's ambit. Plaintiffs herein are not praying for reinstatement or back wages, or for an improvement in working conditions. They are not employees or union members, but rather survivors bringing suit under the Missouri wrongful death law. Defendants have not suggested and it does not appear that any overriding federal labor policy is present that would warrant a construction of Section 301 to grant jurisdiction to this Court in this case.[6]

Accordingly, for the reasons stated, this Court concludes that this cause was removed to this Court improvidently and without jurisdiction. Therefore, pursuant to the mandate of 28 U.S.C. § 1447(c) it is hereby

Ordered that this cause be, and hereby is, remanded to the Circuit Court for Cole County, Missouri, for all further proceedings. No costs assessed.

6. The best that can be said for defendants' arguments regarding jurisdiction is that jurisdiction under Section 301 is questionable. As such, were this Court to retain this action, neither party would be foreclosed from later questioning jurisdiction on appeal. See American Fire & Casualty Co. v. Finn, 341 U.S. 6, 71 S.Ct. 534, 95 L.Ed. 702 (1951). In such circumstances, the better course is to remand the cause to the state courts, so that the court determining the merits of the case will have subject matter jurisdiction. State courts have concurrent jurisdiction in Section 301 cases. Motor Coach Employees v. Lockridge, *supra*, 403 U.S. at 298, 91 S. Ct. 1909.