MICHIGAN MUTUAL INSURANCE
COMPANY, Plaintiff-Appellant,

v.

UNITED STEELWORKERS OF AMER-
ICA and Local 2659 of the United Steel-
workers of America, Defendants-Appel-
lees.

No. 84–1095.

United States Court of Appeals,
Sixth Circuit.

Argued July 18, 1985.
Decided Aug. 26, 1985.

William A. Joselyn, Joselyn, Rowe, Jamie-
son, Grinnan, Callahan and Hayes, Sydney
Rooks, argued, Detroit, Mich., for plaintiff-
appellant.

Kim Siegried, Allan Park, Mich., Peter O.
Shinevar, argued, George H. Cohen, David
M. Silberman, Washington, D.C., for defen-
dants-appellees.

Before MARTIN and JONES, Circuit
Judges, and SILER, District Judge.*

PER CURIAM.

The appellant, Michigan Mutual Insur-
ance Company (Michigan Mutual), appeals
from the district court's dismissal of its
action for contribution from the United
Steelworkers of America and its Local 2659
(jointly designated the Union).   Michigan
Mutual, the workers' compensation insurer
of certain Union members, claimed that it
had stated a common law tort action under
Michigan law against the Union.   Michigan
Mutual alleged that the Union breached its
duty, arising under a collective bargaining
agreement, to provide safety services to its
members.   Relying on *Condon v. United
Steelworkers of America,* 683 F.2d 590 (1st
Cir.1982) the district court ruled that feder-
al labor law had preempted a state negli-
gence claim arising out of the Union's col-
lective bargaining agreement with manage-
ment.   Therefore, on the Union's motion,
the district court dismissed Michigan Mutu-
al's complaint for failure to state a cause of
action.   We affirm.   In *Allis-Chalmers
Corp. v. Lueck,* —— U.S. ——, 105 S.Ct.
1904, 85 L.Ed.2d 206 (1985), the Supreme
Court confirmed that federal labor law has
preempted claims such as that brought by
Michigan Mutual in the present case.

David Singleton and Ralph Lucas were
members of the Union and employees of
McLouth Steel Corporation (McLouth).
During the day of August 31, 1971, Single-
ton and Lucas allegedly occupied an impro-
vised shanty on the premises of the
McLouth plant where they worked.   While
attempting to leave the shanty during what
is described as a "full runner," Singleton
and Lucas were severely burned and in-
jured.   Singleton died from the resulting
injuries.

Singleton's estate and Lucas filed suits
in Wayne County Circuit Court against
Michigan Mutual as workers' compensation
insurer for McLouth.   They sought dam-

\* The Honorable Eugene E. Siler, Jr., Chief Judge,
   United States District Court for the Eastern Dis-

trict of Kentucky, sitting by designation.

ages from Michigan Mutual for Singleton's wrongful death and Lucas' injuries. Shortly after a jury returned verdicts in favor of Singleton's estate and Lucas, Michigan Mutual agreed to a settlement under which it would pay a total of $1,500,000 in damages. The Union was not a party to either the suits or the settlement agreement.

On May 19, 1982, Michigan Mutual initiated this action against the Union in state court for contribution toward the settlement amount. Michigan Mutual alleged that the Union was responsible for the injuries to Singleton and Lucas because it had failed, as exclusive bargaining representative for McLouth employees, to require McLouth to remove the shanty, allegedly a known hazardous condition, from the plant. The Union removed the case to federal court, where Michigan Mutual's amended complaint advanced two independent counts.

Count One of Michigan Mutual's amended complaint invoked Michigan tort law. The complaint raised the following allegations: that the Union had agreed by virtue of its collective bargaining agreement with McLouth to perform safety services for its members; that Michigan law imposed a duty to exercise reasonable care in performing these services; that the Union breached this duty by its simple negligence; and that the Union's negligence proximately caused the injuries to Singleton and Lucas. The district court concluded that federal labor law has preempted state law actions based upon a duty which a union owes its members under a collective bargaining agreement, and, therefore, dismissed this count. Michigan Mutual subsequently voluntarily dismissed Count Two with prejudice. That count alleged that the Union had breached its duty under § 301 of the Labor Management Relations Act (LMRA) to fairly represent its members. Count Two is not at issue on this appeal.

Michigan Mutual claims that it has stated a cause of action under Michigan law for the Union's negligent performance of duties it voluntarily assumed under the collective bargaining agreement with McLouth. As the basis for the existence of a duty of reasonable care in the execution of voluntarily assumed duties, the company cites 2 *Restatement of Torts*, 2d, § 324A, and numerous cases in which the Michigan courts have followed the Restatement. This duty of reasonableness allegedly exists independent from and alongside a Union's duty of fair representation, which is breached only by arbitrary, discriminatory, or bad faith conduct. *See Vaca v. Sipes*, 386 U.S. 171, 87 S.Ct. 903, 17 L.Ed.2d 842 (1967); *Ruzicka v. General Motors Corp.*, 649 F.2d 1207 (6th Cir.1981). In support of the proposition that the Union owes a duty of reasonable care Michigan Mutual relies upon three authorities: *Bryant v. United Mineworkers*, 467 F.2d 1 (6th Cir.1972), *cert. denied*, 410 U.S. 930, 93 S.Ct. 1370, 35 L.Ed.2d 592 (1973); *Helton v. Hake*, 386 F.Supp. 1027 (W.D.Mo.1974); *Dunbar v. United Steelworkers of America*, 100 Idaho 523, 602 P.2d 21 (1979), *cert. denied*, 446 U.S. 983, 100 S.Ct. 2963, 64 L.Ed.2d 839 (1980).

The force of Michigan Mutual's contentions was dubious in light of the holding in *Condon v. United Steelworkers of America*, 683 F.2d 590 (1st Cir.1982), upon which the district court relied. Those contentions have been definitively foreclosed by the Supreme Court's decision in *Allis-Chalmers Corp. v. Lueck*, —— U.S. ——, 105 S.Ct. 1904, 85 L.Ed.2d 206 (1985). Justice Blackmun, writing on behalf of a unanimous Court, established in *Allis Chalmers* that obligations or duties created by a collective bargaining agreement are enforceable only under federal law.

[W]hen resolution of a state-law claim is substantially dependent upon analysis of the terms of an agreement made between parties in a labor contract, that claim must either be treated as a § 301 claim, see *Avco Corp. v. Aero Lodge No. 735*, 390 U.S. 557, 88 S.Ct. 1235, 20 L.Ed.2d 126 (1968), or dismissed as preempted by federal labor-contract law.

105 S.Ct. at 1916.

In *Allis-Chalmers* the Court considered a suit by a union member against his employer and the insurance company which

administered a disability insurance plan created under a collective bargaining agreement. The plaintiff sued under Wisconsin tort law for bad-faith handling of his disability claims. In determining that the LMRA preempted this state tort action, the Court looked to *Teamsters v. Lucas Flour Co.*, 369 U.S. 95, 82 S.Ct. 571, 7 L.Ed.2d 593 (1962), for "the policies that animate § 301." *Allis-Chalmers*, 105 S.Ct. at 1911. Unless a uniform body of federal law governed the interpretation of collective bargaining agreements, it would be difficult both to negotiate agreements and to settle disputes because of " 'the possibility of conflicting substantive interpretation under competing legal systems.' " *Allis-Chalmers*, 105 S.Ct. at 1910–11 (quoting *Lucas Flour*, 369 U.S. at 103–04, 82 S.Ct. at 576–77). The Supreme Court, thus refused to "elevate form over substance," *id.*, by limiting the rationale of *Lucas Flour* to suits for breach of contract and distinguishing suits for tort.

The holding of *Allis-Chalmers* is not without limits. Section 301 does not preempt all state regulation of the substantive provisions of collective bargaining agreements. *Allis-Chalmers* 105 S.Ct. at 1911, n. 6. Nor does § 301 necessarily preempt lawsuits that assert rights created independent of collective-bargaining agreements, but related to them in some way. *Allis-Chalmers* 105 S.Ct. at 1916.

The relevant question under *Allis-Chalmers* is whether a determination of the existence and scope of the duty which the defendant allegedly breached is "substantially dependent" upon analysis of the terms of a collective bargaining agreement. *Allis-Chalmers*, 105 S.Ct. at 1916. Count One of Michigan Mutual's amended complaint alleges that the collective bargaining agreement is the origin of the Union's duty to provide safety services to its employees.

5. By virtue of an agreement entered into between McLouth Steel Corporation and the Union, dated September 30, 1968, ... the Union and the Local Union agreed or intended to provide safety services for the benefit of McLouth Steel,

its employees or the union membership including David Singleton and Ralph Lucas.

The district court properly dismissed this count as preempted by § 301 of the LMRA. As Michigan Mutual has voluntarily dismissed with prejudice its allegation in Count Two that the Union violated its duty of fair representation, the district court's judgment is AFFIRMED.