845 F.2d 325
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Patricia A. CLIFTON, Plaintiff-appellant,
v.
VAN DRESSER CORPORATION; Benefit Plans Risk Management,
Inc.; and Van Dresser Corporation Employees
Benefits Plan, Defendants-appellees.
 No. 86-4083.
 United States Court of Appeals, Sixth Circuit.
 April 25, 1988.
 
 Before KRUPANSKY and RYAN, Circuit Judges, and CONTIE, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 The plaintiff-appellant, Patricia Clifton ("Clifton" or "appellant"), has appealed from the district court's dismissal of her lawsuit against the defendants-appellees (referred to collectively as "appellees").[1] Appellant had alleged causes of action under Ohio law sounding in breach of an insurance contract, breach of the fiduciary duty by the trustees of an insurance benefit program, bad faith insurance coverage, and intentional and/or negligent infliction of emotional distress. The district court dismissed all of these claims as being pre-empted by federal labor law.
 
 
 2
 The appellant's causes of action stemmed from the following factual scenario. Clifton had been employed by the Company on July 31, 1967. Appellant broke her leg in a non-work related accident on January 27, 1984, and has been unable to work since that time. Although she was incapacitated after her accident, the Company did not terminate her as an employee until April 10, 1985.
 
 
 3
 While Clifton had been employed by the Company, it provided her with fully funded medical insurance coverage under the terms of the collective bargaining agreement.[2] Subsequent to her accident of January 27th, 1984, the Company continued her participation in the same medical insurance program provided to working employees, at a premium to her of $7.60 per week. The collective bargaining agreement stipulated that the Company was required to provide the appellant with such coverage for a period of one year from the date of her approved leave of absence.[3]
 
 
 4
 After the one year period had expired, the Company continued to provide Clifton with medical insurance coverage, however, her monthly premium charge was increased to $95.47. The scope of Clifton's coverage after January of 1985 is in conflict. She has alleged that this coverage resulted from a new and independent insurance contract between herself and the appellees, separate and distinct from the insurance coverage she had received by virtue of the collective bargaining agreement. The appellees have characterized this coverage as merely a continuation of the insurance benefits provided by the collective bargaining agreement.
 
 
 5
 During March of 1985, Clifton learned that she had suffered a relapse of colon-rectal cancer, which had previously been diagnosed and treated in 1981. Her condition was diagnosed as requiring surgical treatment. She contacted a personnel manager of the Company to determine if the surgery would be covered by her medical insurance plan. The personnel manager then submitted an application on behalf of Clifton to the Benefit Plan for advance approval for her surgery. The Benefit Plan approved her application for surgery under the insurance plan. Based upon these assurances, Clifton arranged for the surgery to be performed at the Cleveland Clinic on April 10, 1985.
 
 
 6
 Several days before the surgery was scheduled, a supervisor of the Company, Reid Meyers ("Meyers"), decided to terminate Clifton's status as an employee and to cancel her insurance coverage. She was notified by telephone at her home, at about 8:00 a.m. of the morning of April 10th, as she was leaving for the hospital to have the surgery performed. She was informed by Meyers that she had been terminated as an employee and that her insurance coverage was cancelled effective immediately, contrary to the conditions of the insurance policy which provided that her coverage would continue in effect until the end of the month in which the policy was cancelled. In reliance upon Meyer's statement, Clifton cancelled the surgery scheduled for April 10th, because she was unable to afford this procedure without medical insurance.
 
 
 7
 The collective bargaining agreement provided for a five-step grievance procedure, culminating in binding arbitration. Although Clifton had previously filed and pursued grievances, and was familiar the grievance procedure, she neither filed nor pursued a grievance, nor any other remedy under the collective bargaining agreement, predicated upon the termination of her employment or the cancellation of her medical insurance.
 
 
 8
 Appellant did, however, file a complaint in the Court of Common Pleas for Huron County, Ohio on February 14, 1986 wherein she alleged causes of action against the Company for negligent and/or intentional infliction of emotional distress, bad faith handling of the appellant's insurance coverage, breach of a contract for insurance, breach of fiduciary duty as a trustee of an insurance contract, and arbitrary termination of insurance coverage. Appellant also alleged causes of action against the Benefit Plan and the Insurance Group for negligent and/or intentional infliction of emotional distress, and for bad faith handling of the insurance coverage.
 
 
 9
 The Company removed the case to the United States District Court for the Northern District of Ohio on March 17, 1986, asserting that Clifton's causes of action were preempted by Sec. 301 of the Labor Management Relations Act, 29 U.S.C.A. Sec. 185 (West 1978). On May 21, 1986, the Company petitioned the court to dismiss Clifton's causes of action as preempted by the exclusive jurisdiction of Sec. 301, or in the alternative for summary judgment against the appellees for Clifton's failure to exhaust her remedies available under the collective bargaining agreement.
 
 
 10
 Clifton responded by filing a motion to amend her complaint or in the alternative to have the case remanded to state court. The proffered amended complaint added a claim of negligent and/or intentional infliction of emotional distress against Meyers, the supervisor who had terminated Clifton and canceled her insurance coverage; eliminated the claim of bad faith refusal to honor insurance coverage against the Benefit Plan, and substituted a claim of breach of fiduciary duty by the Benefit Plan as a trustee of an insurance plan; and affirmatively asserted a claim for benefits under the medical insurance policy and for declaratory relief clarifying her rights under the policy.
 
 
 11
 On October 31, 1986, the district court granted the Company's motion to dismiss Clifton's complaint as preempted by Sec. 301 of the Labor Management Relations Act, and alternatively, for lack of jurisdiction because of appellant's failure to exhaust available grievance procedures. The district court then denied her motion to amend her complaint or to remand the case to state court, concluding that the motion was moot in light of the dismissal of her complaint.
 
 
 12
 On appeal, the appellant charged error in dismissing her claims for breach of insurance contract, bad faith insurance coverage and breach of fiduciary duty as being preempted by Sec. 301; for negligent and/or intentional infliction of emotional distress as being preempted by Sec. 301; and in dismissing her motion to amend her complaint or to remand the case to state court.
 
 
 13
 The district court decided that the appellant's claims conflicted with the need for uniform interpretation of collective bargaining agreements under Sec. 301 of the National Labor Relations Act, and that her claims were therefore preempted under Sec. 301. A cause of action based upon a state tort claim interferes with the need for uniform interpretation of labor agreements where the state tort claim "is inextricably intertwined with consideration of the terms of the labor contract." Allis-Chalmers Corp. v. Lueck, 471 U.S. 202, 213, 105 S.Ct. 1904, 1912, 85 L.Ed.2d 206 (1985). "[W]hen resolution of a state-law claim is substantially dependent upon analysis of the terms of an agreement made between the parties to a labor contract, that claim must either be treated as a Sec. 301 claim ... or dismissed as preempted by federal labor-contract law." Allis-Chalmers, 471 U.S. at 220, 105 S.Ct. at 1916; see also Dougherty v. Parsec, Inc., 824 F.2d 1477, 1478 (6th Cir.1987); Michigan Mutual Ins. Co. v. United Steelworkers, 774 F.2d 104, 106 (6th Cir.1985).
 
 
 14
 In the instant appeal, the appellant has argued that her causes of action arose from an independent insurance contract entered into by the appellees, separate and apart from the insurance coverage provided under the collective bargaining agreement. In support of this allegation, appellant urged that the appellees had continued her medical insurance coverage beyond the one year period required under Article 13.04(B) of the collective bargaining agreement, which had ended in January of 1985. She thus rationalized that her contract and tort claims for breach of insurance contract, bad faith insurance coverage and breach of fiduciary duty arose out of a contract unrelated to the collective bargaining agreement, and are not preempted by Sec. 301's requirement of uniformity.
 
 
 15
 The argument is misplaced. Although Clifton was charged a monthly premium of $95.47 for her coverage, the medical insurance policy that was being provided to the appellant prior to its cancellation was the same medical coverage that was available to the other employees under the terms of the collective bargaining agreement. Thus, the claims asserted in the appellant's complaint would have necessitated an interpretation of the insurance benefits provided under the collective bargaining agreement to determine if there had been of a breach of the terms of her insurance coverage, if the Company had acted in a bad faith in denying insurance coverage, and if the Company had breached its fiduciary duty as an insurance provider. The resolution of these state law claims would become "inextricably intertwined" with the interpretation of the labor contract itself, and as such would be preempted by Sec. 301. See, e.g., Allis-Chalmers, 471 U.S. at 218 n. 12, 105 S.Ct. at 1915 n. 12 (state law tort claims and claims for breach of fiduciary duties preempted under Sec. 301 because "a central factual question would have been whether the manner in which [appellant's] claims was processed and verified had departed substantially from the standard manner of processing such claims under the contract.").
 
 
 16
 In addition, the appellees have disputed Clifton's allegation that her medical insurance arose out of a separate and independent contract not related to the collective bargaining agreement, arguing that appellant's medical insurance was a product of the collective bargaining agreement. Resolution of this conflict would necessarily involve interpretation of the terms of the collective bargaining agreement. Cf. International Bhd. of Elec. Workers v. Hechler, --- U.S. ----, ----, 107 S.Ct. 2161, 2168, 95 L.Ed.2d 791 (1987) (determination of whether there were implied duties contained in collective bargaining agreement preempted state cause of action). Thus, the question of whether the Clifton's medical insurance arose from the coverage provided by the collective bargaining agreement or from an independent contractual relationship would be so "inextricably interwoven" with the interpretation of the agreement itself as to be preempted by Sec. 301.[4]
 
 
 17
 To support her charge of error that the district court incorrectly determined that the state claims for negligent and/or intentional infliction of emotional distress were preempted by Sec. 301, appellant has argued that such state law claims do not require an interpretation of the collective bargaining agreement, and are therefore not preempted by Sec. 301, relying upon Farmer v. United Bhd. of Carpenters & Joiners, 430 U.S. 290, 97 S.Ct. 1056, 51 L.Ed.2d 338 (1977), wherein the Supreme Court concluded that a claim for intentional infliction of emotional distress was not necessarily so interwoven with the interpretation of the collective bargaining agreement as to be preempted by federal labor law. Farmer, 430 U.S. at 304, 97 S.Ct. at 1065; id. at 302, 97 S.Ct. at 1064.
 
 
 18
 The appellees have responded that the result reached by the Supreme Court in Farmer is inapplicable to the present appeal, citing to several cases in which the Ninth Circuit Court of Appeals has concluded that claims for either negligent or intentional infliction of emotional distress were preempted by Sec. 301. See, e.g., Young v. Anthony's Fish Grottos, Inc., 830 F.2d 993, 1002 (9th Cir.1987); Scott v. Machinists Auto. Trade Dist. Lodge 190, 827 F.2d 589, 593-94 (9th Cir.1987); Truex v. Garrett Freightlines, Inc., 784 F.2d 1347, 1350 (9th Cir.1985). In each of those cases, however, the conduct in question had been specifically authorized by the terms of the collective bargaining agreement. In contrast, where the conduct complained of is neither specifically required nor authorized by the collective bargaining agreement, but rather is merely a "function of the particularly abusive manner in which the discrimination is accomplished or threatened rather than a function of the actual or threatened discrimination itself," there is no preemption of a state tort claim for infliction of emotional distress. Farmer, 430 U.S. at 305, 97 S.Ct. at 1066 (footnote omitted); id. at 302, 97 S.Ct. at 1064; see also Tellez v. Pacific Gas & Elec. Co., 817 F.2d 536, 539 (9th Cir.) (allegedly negligent or intentional conduct not specifically authorized by collective bargaining agreement not preempted by Sec. 301), cert. denied, --- U.S. ---, 108 S.Ct. 251, 98 L.Ed.2d 209 (1987).
 
 
 19
 In the instant case, Clifton's causes of action for negligent or intentional infliction of emotional distress centered upon the callous manner in which the appellees had cancelled her insurance coverage. She alleged that the appellees had initially approved her application for colon-rectal cancer surgery, and then on the day the surgery was to be performed notified her that the insurance coverage was cancelled. Additionally, appellant alleged that the appellees had told her that her coverage ended on April 10th, immediately upon notification of the cancellation, whereas the insurance policy itself provided that the coverage would have been effective until the end of that month. Clifton's claims thus relate to the "outrageous" manner in which the appellees had terminated her medical insurance, rather than the mere decision to terminate the policy. Accordingly, she asserts that her claims for negligent or intentional infliction of emotional distress were not preempted by Sec. 301, and the district court erred in dismissing those counts of the complaint.
 
 
 20
 Clifton's third and final allegation was that the district court erred in dismissing the motion to amend the complaint or to remand the case to state court. The district court found this motion was moot in light of the fact that her complaint had been dismissed. However, because the district court incorrectly concluded that Clifton's causes of action for negligent and/or intentional infliction of emotional distress were preempted under Sec. 301, her complaint should not have been dismissed in its entirety. The district court therefore erred in refusing to consider appellant's motion to amend the complaint and to remand the case to state court as moot.
 
 
 21
 Thus, on remand, the district court should reconsider Clifton's motion to amend her complaint. Fed.R.Civ.P. 15 (a); see also Troxel Mfg. Co. v. Schwinn Bicycle Co., 489 F.2d 968, 970 (6th Cir.1973), cert. denied, 416 U.S. 939, 94 S.Ct. 1942, 40 L.Ed.2d 290 (1974). The district court should also reexamine whether this action should be remanded to state court for further proceedings, in light of the Supreme Court's recent decision in Carnegie-Mellon University concluding that a district court possesses the discretionary authority to remand the case to state court. Carnegie-Mellon University v. Cohill, --- U.S. ---, 108 S.Ct. 614, 98 L.Ed.2d 720 (1988); see also In re Romulus Community Schools, 729 F.2d 431, 439-40 (6th Cir.1984).
 
 
 22
 Accordingly, the district court's decision dismissing appellant's claims for breach of contract, bad faith insurance coverage and breach of fiduciary duty as an insurance provider is AFFIRMED; the decision dismissing the her causes of action for negligent and/or intentional infliction of emotional distress is REVERSED; and the decision dismissing of the motion to amend and to remand as being moot is REVERSED and REMANDED for further consideration.
 
 
 
 [1]
 Appellant had alleged causes of action against her former employer, Van Dresser Corporation ("Company"); the employee benefits plan of the Company, Benefit Plans Risk Management, Inc. ("Benefit Plan"); and the insurance management group which administered the health benefit plan, Van Dresser Corporation Employees Benefits Plan ("Insurance Group")
 
 
 [2]
 The collective bargaining agreement required that
 [t]he Company will make available to each employee and their dependents Blue Cross and Blue Shield hospitalization and surgical insurance as provided in the Blue Cross plan # 418E-428E/K and Blue Shield Insurance plan 6503-6504 or equal.
 Article 13.02, Contract between Dresser Corporation and U.A.W. Local 1379 (effective July 4, 1983).
 
 
 [3]
 Article 13.04 (B) of that agreement provided that
 [e]mployees on an approved leave of absence resulting from medical or maternity may continue their insurance for a period up to one year by making the required premium payments (employee's portion) to the Payroll Department by the 10th of each month.
 Article 13.04(B), Contract between Van Dresser Corporation and U.A.W. Local 1379 (effective July 4, 1983).
 
 
 [4]
 To the extent that Plaintiff's claims for breach of insurance contract, bad faith insurance coverage, and breach of fiduciary duties as an insurance provider could be deemed to have arisen from the collective bargaining agreement, Plaintiff's failure to have exhausted potential remedies provided by contract would also have provided sufficient reason for the district court to have dismissed those claims. See Allis-Chalmers, 471 U.S. at 220, 105 S.Ct. at 1916