852 F.2d 1287
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Raymond ANDERSON, Plaintiff-Appellant,
v.
SCHNEIDER TRANSPORT, INC., Defendant-Appellee.
 No. 87-1822.
 United States Court of Appeals, Sixth Circuit.
 July 29, 1988.
 
 Before LIVELY and MILBURN, Circuit Judges, and CONTIE, Senior Circuit Judge.
 
 ORDER
 
 1
 This pro se Michigan plaintiff appeals the district court's order denying his Fed.R.Civ.P. 59(e) motion to alter or amend the judgment dismissing his complaint against his former employer. The appeal has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Plaintiff, a driver for defendant trucking company and a union steward, was discharged after defendant determined that plaintiff had participated in a "wildcat strike." Denying that he had participated in any illegal union activity, plaintiff filed a complaint in state court and requested compensatory and punitive damages. Plaintiff alleged retaliatory discharge in violation of the National Labor Relations Act, Sec. 158, breach of the collective bargaining agreement, defamation, and discharge without cause.
 
 
 3
 The action was removed to federal court pursuant to 28 U.S.C. Sec. 1441(b). Defendant filed a motion to dismiss; plaintiff filed a motion for summary judgment. At a hearing on the motions, the district court rendered an oral opinion dismissing the complaint as untimely. Plaintiff's subsequent motion to alter or amend the judgment was denied. On appeal plaintiff argues that removal was improper and that the statute of limitations was tolled by administrative proceedings before the Michigan Employment Security Commission (MESC).
 
 
 4
 On review, we conclude that dismissal was proper. At the outset we note that the appeal from the denial of the Fed.R.Civ.P. 59(e) motion to alter or amend judgment should be treated as an appeal from the underlying judgment. See Peabody Coal Co. v. Local Union Nos. 1734, 1508 & 1548, UMW, 484 F.2d 78, 81 (6th Cir.1973).
 
 
 5
 Second, the complaint was properly removed pursuant to 28 U.S.C. Sec. 1441(b) because plaintiff's claims arise out of federal law. See 29 U.S.C. Sec. 185; Allis-Chalmers Corp. v. Lueck, 471 U.S. 202, 220 (1985); Michigan Mut. Ins. Co. v. United Steelworkers, 774 F.2d 104, 105 (6th Cir.1985) (per curiam). To the extent that plaintiff's claims require the interpretation of a collective bargaining agreement, they are preempted by federal law. See Lingle v. Norge, 108 S.Ct. 1877 (1988); Martin v. Associated Truck Lines, Inc., 801 F.2d 246 (6th Cir.1986). Similarly, plaintiff's claim of defamation is preempted unless the statements were made with actual malice. See Davis Co. v. United Furniture Workers, 674 F.2d 557 (6th Cir.), cert. denied, 459 U.S. 968 (1982).
 
 
 6
 Third, the complaint was barred by the applicable statute of limitations. A claim against an employer brought under Sec. 301 of the Labor Management Relations Act is subject to a six-month statute of limitations. 29 U.S.C. Sec. 160(b); DelCostello v. International Bhd. of Teamsters, 462 U.S. 151, 169-72 (1983). The limitations period begins to run when a plaintiff learns that the union will no longer pursue the grievance. McCreedy v. Local Union No. 971, UAW, 809 F.2d 1232, 1236 (6th Cir.1987). Moreover, contrary to plaintiff's arguments, the pursuit of administrative remedies does not toll the limitations period. See Adkins v. International Union of Elec., Radio and Mach. Workers, 769 F.2d 330, 335-36 (6th Cir.1985). Plaintiff's claim was rejected by the union grievance panel in July 1979. Because plaintiff did not file his complaint until May 1985, the complaint was untimely.
 
 
 7
 Even assuming, arguendo, that plaintiff's state law claims for wrongful discharge and defamation are not preempted by federal law, they are nevertheless time-barred. The statute of limitations in Michigan for wrongful discharge is three years. See M.C.L.A. Sec. 600.5805(8); see also Garland v. Shapiro, 579 F.Supp. 858 (E.D.Mich.1984). The statute of limitations for defamation is one year. M.C.L.A. Sec. 600.5805(7).
 
 
 8
 Plaintiff's remaining arguments have been reviewed by the court and found to be without merit.
 
 
 9
 Accordingly, the district court's judgment of dismissal, entered July 27, 1987, is hereby affirmed. Rule 9(b)(5), Rules of the Sixth Circuit.